**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROCKY JOSEPH VOGL,

     Defendant - Appellant.

No. 01-1459
(D.C. No. 98-CR-257-D)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

Pursuant to a plea agreement with the United States, Rocky Vogl on June 20, 2001, entered a conditional plea of guilty to a charge of cultivating marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. In that agreement Vogl reserved the right to appeal the district court's denial of his motion to dismiss for violation of his speedy trial rights under 18 U.S.C. § 3161 and its denial of his motion to suppress the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

evidence obtained in a search of his home. *See* Fed. R. Crim. P. 11(a)(2). Thereafter Vogl was sentenced on September 27, 2001, to a term of five years probation with 90 days to be spent in community corrections and 90 days in home detention. Vogl appeals.

To place the speedy trial issue in focus, some chronology is necessary. On June 25, 1998, Vogl and his wife, Karen, were jointly charged in a two-count indictment filed in the United States District Court for the District of Colorado with cultivating marijuana and, in a second count, with forfeiture under 21 U.S.C. § 853. We are not here concerned with the forfeiture charge, which was dismissed, nor are we concerned, as such, with Karen Vogl, the charges against her having also been dismissed. On September 1, 1998, the defendants filed separate motions for separate trial. On September 11, 1998, a joint motion to suppress the use at trial of evidence obtained in a search of their house was filed, counsel citing *Franks v. Delaware,* 438 U.S. 154, 155-6 (1978) and *United States v. Knapp,* 1 F.3d 1026, 1029 (10th Cir. 1993). In that motion the defendants challenged the veracity of the affidavit offered in support of the application for a search warrant. Karen Vogl also filed a motion to suppress the use at trial of a key taken from her purse at the time of the house search.

A hearing was held on the two motions to suppress on January 5 and 20, 1999, at which time the district court did not take up the motions for separate trials, deferring consideration of that matter until after a ruling on the suppression motions. The district court then took "this all under advisement." The parties next appeared in court on

September 7, 1999, at which time the district court heard further argument on Karen

Vogl's motion to suppress, as well as the two severance motions. The district court then

took those motions under advisement. At the conclusion of that argument, there was

some colloquy between court and counsel concerning a trial date and speedy trial

concerns. All parties indicated they were "ready for trial." The district court indicated

that it had a "very congested trial calendar" and stated that its first open trial date was

November 22, 1999. At the conclusion of that hearing, the district court asked all parties

to "file with the court their position on the speedy trial deadline."

On September 13, 1999, counsel filed "Defendant Rocky Vogl's Position

Regarding Speedy Trial." The opening paragraph thereof reads as follows:

> Mr. Vogl was indicted on June 25, 1998 and filed
> motions on September 1, 1998. By that date 67 of the 70
> allowable days had expired. By virtue of 18 U.S.C.
> §3161(h)(1)(F) the filing of motions tolled the remaining
> three days. A motions hearing was held in January, 1999,
> with further argument on September 7, 1999. The court has
> yet to rule on the motions. One motion filed by this
> defendant, the "Motion for Separate Trial," was not argued
> until the September 7, 1999 hearing. This is not the "prompt

disposition" referred to in 18 U.S.C. §3161(h)(1)(F).[1] Therefore, the speedy trial period has already expired.

In paragraph two of that same pleading, counsel went on to state as follows:

> If, however, the court rules that this case is tolled by 18 U.S.C. §§ 3161(h)(1)(F), 3161(h)(1)(J) (30 day exclusion while matters are under advisement) and 18 U.S.C. § 3161(h)(7) (exclusion for a reasonable period due to joinder with a co-defendant whose speedy trail period has not run), then at least three days will remain once the court has disposed of all motions.

On September 13, 1999, the government filed its statement of position concerning the speedy trial issue. In that document the government stated that Rocky Vogl was indicted on June 25, 1998, that Karen Vogl first appeared on July 24, 1998, and that motions for separate trials were filed on September 1, 1998. Thus, according to counsel, "thirty-eight days elapsed between June 25, 1998 and September 1, 1998." Counsel went on to state that "the 70-day maximum has been tolled by excusable delay pursuant to §

---

[1] 18 U.S.C. §3161(h)(1)(F) provides:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
. . . .
(1) Any period of delay resulting from any proceedings concerning the defendant, including but not limited to –
. . . .
(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

3161(h)[1](F), 'delay resulting from a pretrial motion,' by the filing of the 'Motion to Sever Parties.'" Counsel then stated that "according to the government's calculation the Speedy Trial deadline for Rocky Vogl as of September 9, 1999, is September 12, 1999," and that "the Speedy Trial deadline for Karen Vogl is not until October 11, 1999, as of September 9, 1999." Counsel concluded by stating that "because thirty eight days have elapsed as to Karen Vogl, the court should set the trial date within thirty-two days of the time that the court rules on the motion for severance."

In a 15-page order entered on October 7, 1999, the district court granted Karen Vogl's motion to suppress, and denied both motions for separate trial. It did not, however, rule on the joint motion to suppress. At the conclusion of that order, the district court further ordered as follows:

> FURTHER ORDERED that the time from October 8, 1999 to November 24, 1999 shall be considered "excludable time" under 18 U.S.C. § 3161(h)(8)(A)(iv) upon the Court's own motion after consideration of the factual and legal issues which remain for trial in view of the status of the case based on the rulings contained in this Order. Further, the Court concludes that the ends of justice served by granting this period of delay outweigh the best interest of the public and the Defendants in a speed trial. It is
> FURTHER ORDERED that the parties shall fully comply with the Court's Trial Procedures in preparation for the final trial preparation conference set for November 15, 1999 at 4:00 p.m. The trial will start at 8:30 a.m. on Monday, November 22, 1999 in Courtroom C-200.

On November 10, 1999, Rocky Vogl filed a "Motion to Continue Trial and Request for Ruling and Motion to Dismiss for Violation of Speedy Trial." In that

combined motion, Vogl noted that the trial date set by the district court on October 7, 1999, was November 22, 1999, and that the court had not yet ruled on the Vogls' joint motion to suppress evidence seized in a search of their residence. Vogl stated that "the parties need a ruling so they will know what evidence they will face at trial" and therefore sought a continuance of the trial date. The Vogls stated that the government joined in their request for a continuance "for the reasons stated." In his combined motion filed on November 10, 1999, Rocky Vogl again moved the district court to dismiss the indictment on speedy trial grounds and recited once again his reasons for so asking. In the meantime, the government asked the district court to reconsider its order granting Karen Vogl's motion to suppress the key taken in the search of her purse.

On November 17, 1999, the district court denied the Vogls' joint motion to suppress the evidence seized in a search of their residence.[2] In that same order the district court denied the government's request that it reconsider its prior grant of Karen Vogl's separate motion to suppress the key taken in a search of her purse.[3]

---

[2]In the search of the Vogls' residence, agents discovered in the downstairs living area of the home, behind a large chair, a padlocked trapdoor. After using bolt cutters to remove the padlock, agents descended into a 10 foot by 10 foot room containing 147 marijuana plants. The plants were nourished by a large rotating lighting system containing 2000 watt bulbs. Fresh air was provided by a fan. A smaller, adjacent space contained 208 marijuana plants.

[3]The government filed an interlocutory appeal from that order and, on appeal, we affirmed. *United States v. Karen Vogl*, No. 99-1583, 2001 WL 209440 (10th Cir. Mar. 2, 2001). In this connection, counsel's request to use a portion of the appendix in *United States v. Karen Vogl* is granted.

By a separate order issued on November 19, 1999, the district court granted Vogl's motion to continue the trial date previously set for November 22, 1999, and took under advisement Vogl's additional request that the indictment be dismissed on speedy trial grounds and ordered the government to file a response to that request.

On November 24, 1999, the government filed a response and agreed that the indictment should be dismissed for speedy trial violations but argued the dismissal should be without prejudice. However, on December 10, 1999, the government moved to withdraw its concurrence to a dismissal, stating that the district court's earlier "ends of justice" finding and the filing of various motion in the interim did, under the circumstances, stay the clock "until after the Court rules on the pending motions."

On July 17, 2000, counsel requested a ruling on his motion to dismiss for speedy trial violation filed on November 10, 1999. On July 27, 2000, the district court denied Vogl's motion to dismiss for speedy trial violation, holding that its "ends of justice finding satisfies the requirements of 18 U.S.C. § 3161(h)(8)(A)." On June 20, 2001 Vogl entered his conditional plea of guilty.

As concerns the speedy trial issue, the government in this court concedes that "the district court's findings were inadequate to support the 'ends of justice' continuance under 18 U.S.C. § 3161(h)(8)(A)." We agree. The government goes on to argue that "reversal of Vogl's conviction is not required, however, because his speedy trial clock never expired." On the record before us, we are not inclined to consider whether the speedy trial limitation of 70 days had itself expired. In our view, this matter should first

be considered and ruled on, by the district court, after hearing on that particular issue. The district court, for example, should find, *inter alia,* when the speedy trial clock started, when the clock was tolled, when the clock thereafter resumed operation, and then determine whether the 70-day requirement of the Speedy Trial Act was met.[4]  In this general connection, we would note that should the district court decide to dismiss the charges because of a failure to comply with the Speedy Trial Act, the dismissal may be either with or without prejudice.  18 U.S.C. § 3162(a)(2).  All things considered, that part of the district court's order denying Vogl's motion to dismiss the indictment based on a violation of the Speedy Trial Act is reversed and that particular matter, and none other, is remanded to the district court for further hearing.

There remains for present consideration the question of whether the district court erred in denying the Vogls' joint motion to suppress the use at trial of the evidence taken in the search of their residence.  As stated, the joint motion to suppress was filed on September 11, 1998.  In that motion counsel alleged that the factual allegations set forth in the affidavit in support of the application for a search warrant, which affidavit was prepared by and signed by Scott Schacht, an employee of the Douglas County Sheriff's Department, then assigned to the Drug Enforcement Administration, were false and knowingly made by Agent Schacht.  The Vogls in their joint motion to suppress then

---

[4]We do not regard footnote 2 in the district court's order of July 27, 2000, to be dispositive of the question of whether the 70-day requirement of the Speedy Trial Act was met.

stated that "[t]he information contained within the four corners of the Affidavit for Search Warrant was insufficient for the magistrate to make a probable cause determination for the issuance of the warrant," and that the false statements in the affidavit should be stricken and that the court should "then determine whether the remaining statements contain probable cause for the issuance of the warrant." Affidavits of Rocky Vogl and Karen Vogl, as well as one from Rocky Vogl's counsel, were attached to that motion.

As previously stated, hearing was first held on the joint motion to suppress on January 5 and 20, 1999, and further hearing was held on September 7, 1999. At those hearings, the government called four witnesses, including Agent Schacht, who was examined and cross-examined at length. The Vogls called five witnesses. The district court on November 17, 1999, denied the Vogls' joint motion to suppress, and, in so doing, the court held that the affidavit provided "sufficient probable cause to support the magistrate determination that a fair probability existed that marijuana, and marijuana growing equipment, was at the residence at 17945 Steeplechase Drive, Peyton, Colorado." The district court went on to say that "there has been no evidence [that] Agent Schacht supplied false statements and omitted materially important information that would have dissuaded the magistrate from issuing the search warrant."

At oral argument in this court, counsel only pursued his "speedy trial" argument, and relied on his brief in support of his alternative ground for appellate review reserved in his conditional plea of guilty, i.e., the district court's denial of the Vogls' motion to

suppress the evidence obtained in the search of their residence. Counsel argues in his brief that the district court erred in denying the Vogls' motion to suppress "since the affidavit in support of the warrant contained material falsehoods and omissions, and the remainder of the warrant was insufficient to establish probable cause to search." Specifically, counsel asserts that Agent Schacht in his affidavit made false statements and intentional omissions in order to mislead the issuing magistrate.

We agree with the district court that there was no evidence that Agent Schacht knowingly made false statements or intentionally "omitted materially important information" in his affidavit before the magistrate who issued the search warrant. There may well be some inconsistencies between Agent Schacht's affidavit and his testimony at the suppression hearing, but the affidavit, viewed in its "totality," demonstrates "probable cause" to believe that Vogl was growing marijuana in his residence. For example, in his affidavit, Agent Schacht stated that he and several other agents, who were with him at the time, detected the odor of growing marijuana several hundred yards from the Vogls' residence, which was located on a 10-acre tract of land. Agent Schacht also stated in his affidavit that when they were "in front of the residence," they all smelled growing marijuana. Counsel would make much of the fact that in his testimony at the suppression hearing, Agent Schacht, and others, testified they were actually about 30 yards in front of the Vogls' residence and, thus, counsel says, they were not "in front of the residence." Thirty yards away from a residence located on a 10-acre tract could well be deemed to be "in front of the residence." In any event, we have held that the odor of marijuana alone

- 10 -

can satisfy the probable cause requirement to conduct a search to determine from whence the odor is emanating. *United States v. Downs,* 151 F.3d 1301, 1303 (10th Cir. 1998), *United States v. Morin,* 949 F.2d 297, 300 (10th Cir. 1991). All things considered, we agree with the district court's denial of the joint motion to suppress the evidence obtained in the search of the Vogls' residence. Our *de novo* review convinces us that "giving great deference to the issuing magistrate judge's decision," the magistrate in the instant case had a "substantial basis" for finding probable cause. *United States v. Kennedy,* 131 F.3d 1371, 1375 (10th Cir. 1997), *citing United States v. Cusumano*, 83 F.3d 1247, 1250 (10th Cir. 1996).

Judgment affirmed, in part, and reversed, in part, and case remanded for further hearing consistent with this opinion.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge