**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSE CERVANTES,

    Defendant - Appellant.

No. 24-1325
(D.C. No. 1:20-CR-00292-WJM-21)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **BACHARACH**, Circuit Judges.[**]
_____

Defendant Jesse Cervantes was convicted by a jury in the United States District Court for the District of Colorado on four drug-related counts in a 43-count indictment against 23 defendants. The trial, in which he was the only defendant, began more than two years after Defendant's initial appearance on the charges in that court. His sole contention on appeal is that this delay violated the Speedy Trial Act

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

(STA), 18 U.S.C. § 3161–74, which "requires that a federal criminal trial commence within seventy days of the filing of the indictment or the defendant's initial appearance, whichever occurs later." *United States v. Martinez*, 92 F.4th 1213, 1232 (10th Cir. 2024) (internal quotation marks omitted).

The Act, however, recognizes various exclusions from this 70-day period. And we hold that the district court properly ruled that the STA was not violated because of the applicability of exclusions for (1) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(D), and (2) a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted," *id.* § 3161(h)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm Defendant's conviction.

## I.    BACKGROUND

The original indictment against Defendant was filed on September 3, 2020, in the United States District Court for the District of Colorado. He was arrested on October 1. In June 2021 his codefendants began filling notices of disposition (NODs). An NOD informs the district court that a defendant intends to change his plea. The district court held change-of-plea hearings "on a rolling basis." *United States v. Cervantes*, 644 F. Supp. 3d 891, 897 (D. Colo. 2022). At least one codefendant was awaiting a plea hearing at all times between June 21, 2021, and November 23, 2022—a span of 520 days.

At the direction of the district court, Defendant filed on September 9, 2024, a motion to dismiss the superseding indictment for an STA violation. The district court denied the motion. Its analysis turned on three legal conclusions. First, it held that an NOD qualifies as a pretrial motion under § 3161(h)(1)(D). Second, it held that the entire period between the filing of an NOD and the conclusion of the subsequent plea hearing is excluded under the STA. Third, it held that time excluded because of a codefendant's NOD is also excluded from a nonmoving defendant's clock, so long as the delay is reasonable under 18 U.S.C. § 3161(h)(6).

In assessing whether the 520-day delay between June 21, 2021, and November 23, 2022, was reasonable, the district court weighed the three factors set forth in *United States v. Vogl*, 374 F.3d 976, 984 (10th Cir. 2004): (1) "whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *Cervantes*, 644 F. Supp. 3d at 901 (internal quotation marks omitted).

The district court said that the first factor favored Defendant because he was still detained at the time of his motion. As for the second factor—zealous pursuit of a speedy trial—the court observed that Defendant had filed a motion to suppress, joined (or did not oppose) multiple ends-of-justice motions filed by his codefendants, and "never sought a severance from his codefendants, either to avoid delay in proceeding to trial or for any other reason." *Id.* Finally, on the third factor—judicial

3

and prosecutorial efficiency—the court stated that "[t]he lengthy factual history, multiple witnesses, and evidence concerning multiple individuals required for this case cuts in favor of a single trial." *Id.* at 902. It then explained that although Defendant was "the only defendant seeking a trial" at the time of his motion," "[o]ne or more of [Defendant's] codefendants could renege, or one or more of the several codefendants who are currently fugitives could be arrested. Therefore, it is entirely possible that Defendant will be tried alongside one or more of his codefendants." *Id.*

"[O]n balance," the court ruled, the "delay attributable to codefendants' NODs is reasonable." *Id.* It therefore held that the entire 520-day period attributable to Defendant's codefendants' NODs and change-of-plea hearings was excludable under the Act and that Defendant had not suffered an STA violation. [1]

## II.    DISCUSSION

"We review the denial of a motion to dismiss for violation of the [STA] for abuse of discretion." *United States v. Banks*, 761 F.3d 1163, 1174 (10th Cir. 2014). An abuse of discretion occurs when a court "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or when a court otherwise "renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Martinez*, 92 F.4th at 1227 (internal quotation marks omitted).

On appeal Defendant raises three challenges to the district court's STA ruling.

---

[1] The district court also held that Defendant's right to a speedy trial under the Sixth Amendment had not been violated. But that holding is not challenged on appeal.

First, he argues that NODs are *not* "pretrial motions" for purposes of § 3161(h)(1)(D), and, as a result, do not automatically trigger any exclusion of time under the STA. He recognizes, however, that we held to the contrary in *United States v. Loughrin*, 710 F.3d 1111, 1120 (10th Cir. 2013), *aff'd on other grounds*, 573 U.S. 351 (2014). Although he challenges our reasoning in that case, a panel of this court cannot overturn circuit precedent. *See Rocky Mountain Wild v. Dallas*, 98 F.4th 1263, 1292 (10th Cir. 2024) ("[W]e cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (internal quotation marks omitted)).

Defendant next argues that, assuming that NODs count as pretrial motions under § 3161(h)(1)(D), a district court can exclude only the time necessary for a "*prompt disposition*" of the NOD. Aplt. Br. at 29 (quoting 18 U.S.C. § 3161(h)(1)(D)). Once again, however, precedent forecloses that argument. In *Henderson v. United States*, 476 U.S. 321 (1986), the Supreme Court construed § 3161(h)(1)(D), then codified as § 3161(h)(1)(F).[2] It held that the "plain terms" of the subparagraph "exclude all time between the filing of and the hearing on a motion whether that hearing was prompt or not," and that it "does not require that a period of delay be 'reasonable' to be excluded." *Henderson*, 476 U.S. at 326–27. Defendant's arguments against that holding are directed to the wrong audience. And his attempt to

---

[2] In 2008 Congress recodified 18 U.S.C. § 3161(h)(1)(F) as 18 U.S.C. § 3161(h)(1)(D). *See* Judicial Administration & Technical Amendments Act of 2008, Pub. L. No. 110-406, § 13, 122 Stat. 4291, 4294 (2008).

distinguish *Henderson* fails. He points out that *Henderson* did not deal with NODs or

consider how § 3161(h)(1)(D) interacts with a "non-pleading co-defendant vis-à-vis

Section 3161(h)(1)(6)." Aplt. Reply Br. at 18. But a Supreme Court "holding . . . can

extend through its logic beyond the specific facts of the particular case." *Los Angeles*

*Cnty., Cal. v. Humphries*, 562 U.S. 29, 38 (2010). We are bound by the broad

language used by the high court.

Finally, Defendant argues that the district court erred in its *Vogl* analysis. He

targets the district court's analysis of the third *Vogl* factor—effective use of judicial

resources.

The district court analyzed the third factor as follows:

> Finally, the Court examines the third *Vogl* factor—effective use of
> resources. When examining the relevant circumstances, the Tenth Circuit
> considers the obvious purpose behind the exclusion; that is, to
> accommodate the efficient use of prosecutorial and judicial resources in
> trying multiple defendants in a single trial. The Tenth Circuit teaches that
> a single trial is ideal when the government plans to recite a single factual
> history, put on a single array of evidence, and call a single group of
> witnesses. The inquiry associated with this aspect of the analysis is highly
> fact sensitive.
>
> This is a conspiracy case and, whether in one trial or several, the
> Government cannot put on its case without evidence of the conduct of
> multiple people. The lengthy factual history, multiple witnesses, and
> evidence concerning multiple individuals required for this case cuts in
> favor of a single trial because, even if some of this background evidence
> can be omitted now that so many codefendants have filed NODs, much
> of this evidence would have to be repeated in seriatim trials. This would
> require the commitment of enormous judicial and prosecutorial resources.
> And while it is true that Defendant currently stands as the only defendant
> seeking a trial, the Court cannot rule definitively on whether or not to
> accept changes of plea from codefendants currently awaiting hearings.
> One or more of those codefendants could renege, or one or more of the
> several codefendants who are currently fugitives could be arrested.

6

> Therefore, it is entirely possible that Defendant will be tried alongside one or more of his codefendants.

*Cervantes*, 644 F. Supp. at 902 (brackets, citations, ellipsis, and internal quotation marks omitted).

We discern no abuse of discretion by the district court. *See Vogl*, 374 F.3d at 984 (applying abuse-of-discretion standard of review to appellant's § 3161(h)(7) challenge).[3] A defendant will "rarely prevail on the theory that [codefendant] exclusions are unreasonable"—especially when, as here, the defendant "does not move to sever" his charges from his codefendants and fails to demonstrate "actual prejudice from the delay." *United States v. Margheim*, 770 F.3d 1312, 1321 (10th Cir. 2014). This case is no exception.

Defendant complains that "[i]t seems as though . . . the District Court was trying to *avoid* a multi-defendant trial; not to *accommodate* a multi-defendant trial." Aplt. Br. at 36. To be sure, there is not much efficiency gained by delaying the trial of a single defendant until all the codefendants have pleaded guilty. But, as the district court explained, it could hardly have predicted that Defendant would end up going to trial alone. *See United States v. Cortez-Gomez*, 926 F.3d 699, 705–06 (10th Cir. 2019) ("The reality that a joint trial did not take place because [the defendant's]

---

[3] The Judicial Administration & Technical Amendments Act of 2008 renumbered 18 U.S.C. § 3161(h)(7) as 18 U.S.C. § 3161(h)(6). *See* § 13, 122 Stat. at 4294.

7

codefendants eventually entered guilty pleas does not invalidate the district court's original belief that a joint trial would be appropriate in this drug conspiracy case.").

Defendant also complains that the district court was dilatory in disposing of the pleas. He contends that just two codefendants accounted for nearly 85% of the total 520-day delay and suggests that the district court engaged in "bad faith" by "whittl[ing] the trial down" to just him. *Id.* at 36–37.

But Defendant has presented no evidence suggesting the district court acted in bad faith. Indeed, he ignores that it was the court that initially requested the parties brief the speedy-trial issue. "If the court was, as [Defendant] imagines, orchestrating the change-of-plea hearings to deprive [him] of his speedy trial rights, one would imagine the court would have kept silent on the issue." Aplee. Br. at 28.[4]

### III.    CONCLUSION

We **AFFIRM** the judgment below.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[4] In his opening brief, Defendant argues that "scheduling of co-defendants' change-of-plea hearings raises significant due process concerns." Aplt. Br. at 39. In its response brief, the government argues that Defendant has waived this argument and cannot show plain error. In his reply brief, Defendant states he "does not here make a due process argument." Reply Br. at 11. We therefore do not address this argument.