**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RULON DEYOUNG,

      Defendant - Appellant.

No. 10-4157
(D.C. No. 2:08-CR-00525-CW-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Rulon DeYoung (Defendant) pleaded guilty to one count of corrupt

interference with the administration of the internal revenue laws, *see* 26 U.S.C.

§ 7212(a), and four counts of attempting to evade the payment of federal income

taxes, *see id.* § 7201. Acting pro se, he argues on appeal that the indictment

against him should have been dismissed because the delay in his proceedings

violated the Speedy Trial Act, 18 U.S.C. §§ 3161–74. He contends (1) that the

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

period between his pretrial motion challenging the grand-jury proceedings and the hearing on the motion should not have been excluded from the speedy-trial calculation because the delay was excessive and no true hearing was conducted, and (2) that the district court made inadequate findings when granting an ends-of-justice continuance. We have jurisdiction under 28 U.S.C. § 1291 and affirm. Defendant's speedy-trial clock was tolled from the time his pretrial motion was filed until the court held its hearing on the motion. Because that period encompassed all the time that could be excluded by the challenged ends-of-justice continuance, it is not necessary for us to address the validity of that continuance.

## I.    BACKGROUND

On August 6, 2008, a grand jury in the United States District Court for the District of Utah indicted Defendant on one count of tax evasion. On September 3 the grand jury issued a superseding indictment that charged two codefendants, John Gauruder and his wife, Jana Gauruder, with one count of tax evasion and charged Defendant with four counts of tax evasion and one count of corrupt interference with the administration of the internal revenue laws. All three defendants made their initial appearances on September 23. That same day, Defendant filed a pro se motion to dismiss the indictment because of illegal grand-jury proceedings. He argued that the government's failure to notify him of the investigation and the grand jury proceedings had violated his constitutional

rights and his right to challenge the jury-selection process and the qualifications of the members of the grand jury. The government responded on October 1.

Although the district court appointed counsel for Defendant, he requested that he be allowed to represent himself, and, after a hearing, the court granted the request on October 20, 2008. On November 5 the government filed a motion requesting a hearing to determine whether Defendant should be allowed to proceed pro se because it was not clear that he had validly waived his right to counsel. The motion also stated that a hearing was necessary to address a request by codefendant John Gauruder to have his attorney's representation be restricted to stand-by status.

Two weeks later the government filed a motion to continue the trial setting from December 1, 2008, and to exclude time under the Speedy Trial Act, arguing that the continuance was justified in part by the district court's not having resolved the issues of the defendants' representation. On November 20, 2008, the court granted the motion and reset the trial for May 4, 2009. Its order stated that the continuance served the ends of justice because of "the complex nature of the case and the need to consider the defendants' desires to proceed pro se in this matter, which would implicate the need for additional time to prepare this matter." R., Vol. 1 pt. 1 at 141. This is the ends-of-justice continuance challenged on appeal by Defendant.

There followed several motions and hearings regarding representation of the defendants. In a hearing on December 16, 2008, the district court denied Mr. Gauruder's request to restrict his counsel's representation to stand-by status and reaffirmed that Defendant had validly waived his right to representation. In February 2009 both Mr. Gauruder and Ms. Gauruder filed motions to allow their respective attorneys to withdraw. On February 17 the court held a hearing on the motions at which Mr. Gauruder's attorney explained that the attorney-client relationship was "no longer viable" because Mr. Gauruder sought to file motions that his attorney believed to be without merit. *Id.*, Vol. 2 at 9. The court permitted Mr. Gauruder to appear pro se, but denied Ms. Gauruder's request. In June 2009 Ms. Gauruder filed a pro se motion to reappoint counsel. At a hearing on June 16 the court found that it was impossible for the attorney-client relationship to continue because Ms. Gauruder would not take the advice of her attorney. Stand-by counsel for Ms. Gauruder was appointed and entered an appearance on June 23. Largely as a result of the proceedings regarding representation, the court continued trial from May 4, 2009, until June 22 and then until October 5.

Also at the June 16, 2009, hearing the district court scheduled a hearing for July 22 on all outstanding motions, including Defendant's motion to dismiss because of illegal grand-jury proceedings. At the hearing the court stated that it was "inclined to deny the motion" because Defendant had not "provided any

factual basis indicating that the jury venire . . . was not qualified." Aplt. Reply Br., Attach. at 7–8. The court did, however, offer Defendant the opportunity to present such a factual basis and gave the government the opportunity to respond. After argument the court denied the motion on the ground that Defendant had failed to present evidence, either by affidavit or orally at the hearing, that the grand jury was not properly assembled. The next day, July 23, the court issued a written order reflecting its decision.

On April 26, 2010, codefendant Mr. Gauruder filed a motion to dismiss the indictment for violation of the Speedy Trial Act. Defendant was permitted to join the motion. The district court held a hearing on the motion on May 4, and denied it in an order filed the same day. Defendant pleaded guilty to all counts on May 5, but reserved his right to appeal the denial of his speedy-trial motion.

## II.    DISCUSSION

When a defendant pleads not guilty, the Speedy Trial Act requires trial to begin within 70 days of the indictment filing date or the defendant's first appearance, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). The sanction for violation of the Act is dismissal of the indictment. *See id.* § 3162(a)(2).

Subsection 3161(h) of the Speedy Trial Act provides exclusions that toll the running of a defendant's speedy-trial clock. *See id.* § 3161(h). Several are essentially automatic. The automatic exclusion relevant to this appeal is subparagraph (h)(1)(D), which excludes "delay resulting from any pretrial motion,

from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* § 3161(h)(1)(D). The amount of time excluded depends on whether a hearing is held on the motion. "If there is a hearing on the motion, the period of excludable delay extends from the time the motion is filed 'through the conclusion of the hearing on . . . such motion.' 18 U.S.C. § 3161(h)(1)(D)." *United States v. Smith*, 569 F.3d 1209, 1211 (10th Cir. 2009). If there is no hearing, the excluded time period includes the time in which the court has the matter under advisement before ruling, but paragraph (h)(1)(H) sets a 30-day limit for that time. *See id.* "Whether to conduct a hearing is in the sound discretion of the district court . . . ." *Id.* at 1212. In addition to the automatic exclusions, a district court can continue the case and exclude the resulting delay from counting under the Speedy Trial Act if the court finds that the ends of justice served by granting the continuance "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7).

We review for abuse of discretion the district court's denial of a motion to dismiss for violation of the Act. *See United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004). We review de novo any legal issues concerning the Act, and we review the court's factual findings for clear error. *See id.*

Although Defendant did not plead guilty until May 5, 2010, his argument on appeal challenges only the tolling of the period between his initial appearance on September 23, 2008 (when his speedy-trial clock began to run), and July 22,

-6-

2009.  Defendant argues that this period is not tolled by either (1) the pendency of the hearing (ultimately held on July 22, 2009) on a motion he filed on the date of his initial appearance, or (2) the ends-of-justice continuance granted on November 20, 2008, which continued the trial date to May 4, 2009.  Because we hold that the entire contested period was excluded by the pendency of Defendant's pretrial motion, we need not resolve the validity of the ends-of-justice continuance.

Defendant makes several arguments why the time between the filing of his motion and the hearing should not be excluded.  First, he contends that because the district court failed to take any action on the motion within 30 days of filing, it in essence had taken the matter under advisement and § 3161(h)(1)(H) terminates the excluded period after a motion has been under advisement for 30 days.  But nothing in the Speedy Trial Act requires the district court to take action within 30 days on a motion requiring a hearing.  And the Supreme Court has explicitly rejected the argument that a motion requiring a hearing is subject to such a promptness requirement.  *See Henderson v. United States*, 476 U.S. 321, 326 (1986) ("The plain terms of the statute appear to exclude all time between the filing of and the hearing on a motion whether that hearing was prompt or not.").

Defendant next argues that the lengthy delay between the filing of the motion (on September 23, 2008) and the scheduling of the hearing (on July 22, 2009) implies that the hearing was set as an "'attempt to insulate the case from

dismissal under the Act by holding a belated hearing and thereafter declaring the time prior to the hearing excludable.'" Aplt. Br. at 16, *quoting United States v. Williams*, 557 F.3d 943, 953 (8th Cir. 2009). Although *Williams* is not binding precedent in this circuit, we have recognized that a defendant can challenge an exclusion under § 3161(h)(1)(D) by showing that a hearing was "a mere pretense to excuse delay in bringing a case to trial." *Smith*, 569 F.3d at 1212 n.4. But we stated that such a pretense would "be difficult to prove," *id.*, and Defendant has made no such showing here. First, the district court stated in its order denying the defendants' motion to dismiss under the Speedy Trial Act that "[t]he nature of the written arguments [in the motion to dismiss for illegal grand-jury proceedings] required . . . further oral explanation." R., Vol. 1 pt. 3 at 787. The court's statement is eminently sensible. The inartfully presented motion could be construed as raising factual assertions regarding the selection of grand jurors, and a hearing would give the pro se defendant an opportunity to clarify arguments that were not cogently set forth in the motion. Second, any delay in scheduling the hearing was quite understandable given the difficulties that had arisen in determining the extent to which defendants were to be assisted by counsel. The nature of Mr. Gauruder's representation remained an issue until he was allowed to proceed pro se in February 2009, and the issue of Ms. Gauruder's representation remained unsettled until June 2009. This was not a case in which the district

court allowed a motion to lie dormant and exclude time indefinitely. *See United States v. Williams*, 511 F.3d 1044, 1053–54 (10th Cir. 2007).

Finally, Defendant asserts that even though his September 2008 motion was addressed at the July 2009 hearing, the district court never actually conducted a "hearing" on the motion because the transcript reveals that the court had decided before the hearing that it would deny the motion. But the hearing transcript belies this assertion. Although the court stated that it was "inclined to deny the motion," Aplt. Reply Br., Attach. at 7, it gave Defendant the opportunity to address its concerns, which he failed to do. Furthermore, as we stated in *Smith*, "[w]hether or not a hearing is really a 'hearing' need not depend on the length of the discussions between the court and the lawyers or the number of documents submitted; a hearing need only be as long, or as exhaustive, as is necessary to dispose properly of the issues presented." 569 F.3d at 1212.

Thus, the automatic exclusion in § 3161(h)(1)(D) tolled Defendant's speedy-trial clock for the period from the filing of his motion on September 23, 2008, until the hearing on July 22, 2009. Defendant has not shown that the district court abused its discretion in rejecting his challenge under the Speedy Trial Act.

## III. CONCLUSION

We AFFIRM the district court's denial of Defendant's motion to dismiss

for violation of the Speedy Trial Act

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge