**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RULON FREDERICK DeYOUNG,

Defendant - Appellant.

No. 12-4202
(D.C. Nos. 2:11-CV-00792-CW and
2:08-CR-00525-CW-1)
(D. Utah)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Defendant and petitioner Rulon DeYoung seeks a certificate of appealability ("COA") to enable him to appeal the denial of several motions, including motions construed as 28 U.S.C. § 2255 motions. The district court also denied Mr. DeYoung's motions to proceed *in forma pauperis*, and his request for a COA. For the following reasons, we deny Mr. DeYoung a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. DeYoung pled guilty to charges related to tax evasion and was sentenced to thirty-six months' imprisonment. His conviction was affirmed by this court on direct appeal. United States v. DeYoung, 414 Fed. Appx. 143 (10th Cir. 2011) (unpublished).

Mr. DeYoung then filed a motion to vacate the judgment, arguing that the judgment against him was void for lack of jurisdiction. The district court construed that motion as a motion for relief under § 2255 and opened a separate civil case for that proceeding (Case No. 11-cv-792). On January 10, 2012, the district court issued an order denying the motion, concluding that the "defects of Defendant's arguments are numerous." Order at 2; R. Vol. 1 at 84. Mr. DeYoung then filed the instant appeal and he also filed, in the separate civil case (Case No. 11-cv-792), a series of post-decision motions, apparently challenging the district court's ruling. Due to the pending post-decision motions, we abated proceedings in this appeal.

Mr. DeYoung subsequently filed another "motion" in a new civil proceeding (Case No. 12-cv-821), which the district also treated as a § 2255 proceeding. On August 14, 2013, the district court issued a memorandum decision and order, vacating its January 10, 2012, order in Case No. 11-cv-792, denying Mr. DeYoung's motion to vacate and all related motions in 11-cv-792, and denying the § 2255 motion filed in Case No. 12-cv-821. We then lifted the abatement of this appeal; Mr. DeYoung has filed his brief and application for a

COA seeking to challenge the August 14, 2013, decision denying him relief by means of his various motions.

Mr. DeYoung must obtain a COA before he can appeal the denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA requires the applicant to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The district court in this case addressed the substance of Mr. DeYoung's arguments, noting that he had "persistently raised jurisdictional issues throughout his criminal case and in the two present civil matters. He has filed multiple motions and notices on the issue. Due to [his] efforts, despite the procedural deficiencies that exist in both cases, . . . " Mem. Decision & Order at 5; R. Vol. 1 at 206. The court accordingly deemed it prudent to address Mr. DeYoung's arguments.

The district court rejected Mr. DeYoung's challenges to its subject matter jurisdiction, holding that "[b]ecause [Mr. DeYoung] was charged with tax crimes under 26 U.S.C. §§ 7201 and 7212(a), the court had subject-matter jurisdiction to hear his criminal case." Id. "Likewise, the court has authority pursuant to 28 U.S.C. § 1331 to hear [Mr. DeYoung's] present challenge, which raises constitutional issues through a civil proceeding." Id. at 5-6; R. Vol. 1 at 206-07. The court further rejected Mr. DeYoung's motions (arguing statutory and jurisdictional claims) to vacate the judgment against him, noting that he had "voluntarily and intelligently entered a plea of guilty." Id. at 7; R. Vol. 1 at 208.

-3-

Finally, the court rejected any argument that the prosecution had engaged in misconduct during the Grand Jury proceedings. Id.

We fully agree with the district court that Mr. DeYoung has failed to make a substantial showing of the denial of a constitutional right. As the court observed, Mr. DeYoung pled guilty to tax crimes, and he has never denied his guilt. Rather, his obscure arguments challenge the jurisdiction of the courts and the applicability of statutes, all of which the district court correctly rejected.

Thus, we DENY Mr. DeYoung a COA; we DENY his request to proceed *in forma pauperis*; and we DENY his "Motion in the Nature of Mandamus."

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-4-